FIREMEN'S INSURANCE COMPANY *v.* TEMPLE LAUNDRY COMPANY.

[No. 24,141. Filed October 9, 1924.]

1. INSURANCE.—*Construction of Contract.*—*Proportion of Liability.*—Where policies, treated by the court as constituting one contract, insured a building and its contents against loss by fire and provided that the insurer should be liable "for no greater proportion of any loss than the amount hereby insured bears to ninety per cent. of the actual cash value of the property described herein," the policies did not insure the property by items, but were blanket policies and the loss was to be determined by considering the building and its contents as one item. p. 198.

2. INSURANCE. — *Contract.* — *Meaning Clear.* — *Construction.* — When a contract of insurance is plain and its meaning clear, the court will not change its evident meaning by rules of construction and thereby make a new contract for the parties. p. 198.

From Sullivan Circuit Court; *William H. Bridwell,* Judge.

Action by the Temple Laundry Company against Firemen's Insurance Company of Newark, New Jersey. From judgment for the plaintiff, the defendant appeals. *Reversed.*

*Seymour Edgerton* and *H. J. Baker,* for appellant.
*Hamil, Hickey, Evans & Danner,* for appellee.

GAUSE, J.—This action was brought by appellee against appellant to recover on two policies of fire insurance issued by appellant. company.

Each policy was for the sum of $5,000 and covered the same property, and as all the conditions and provisions of each policy are identical, we may consider them as constituting one contract, the face of which is $10,000.

Each policy insured appellee against loss by fire in an amount not exceeding "$5,000 on the building known to the assured as Nos. 400 to 410 North Third street and on the contents thereof and on the contents of the stable building located west of their laundry building on Chestnut street," in Terre Haute, Indiana.

There was the following provision incorporated in each policy: "In consideration of the rate at which this policy is written, it is expressly stipulated and made a condition of this contract that this company shall be liable for no greater proportion of any loss than the amount hereby insured bears to *ninety per cent of the actual cash value of the property described herein* at the time when such loss shall happen, nor for more than the proportion which this policy bears to the total insurance thereon. If this policy be divided into two or more items the foregoing conditions shall apply to each item separately."

The parties filed a written stipulation setting out the facts as agreed upon, which stipulation constituted all the evidence.

It appears from the stipulation of facts that on June 22, 1920, while said policies were in effect, said building was damaged by fire to the amount of $25,653.27, and the contents of said building were damaged to the amount of $45,000, making a total loss of $70,653.27.

That at the time of said fire the actual cash value of the building covered by said policies was $38,884.05, and the actual cash value of the contents thereof was $61,115.95, making a total valuation of $100,000.

There was $65,000 of other insurance on said property, all of which was specific; that is, a certain sum, to wit, $19,999.87 was placed on the building and $45,000.13 on the contents.

The dispute between the parties arises upon the construction to be given the provision in appellant's policies limiting its liability to the proportion of the loss which the amount of appellant's policies bears to ninety per cent. of the cash value of the property described.

Appellant contends that under this provision its liability is arrived at as follows:

Ninety per cent. of the cash value of the property described in the policies is $90,000. The face of appellant's two policies totals $10,000, which is one-ninth of ninety per cent. of the value of the property. That its proportion of liability is then one-ninth of the total loss of $70,653.27, which is $7,850.36.

This amount appellant tendered to appellee before suit, which tender was refused, and after suit was brought appellant paid said sum into court for the use of appellee

Appellee contends that appellant's policies should be construed as specific policies in fixing its liability, and that the proportion should be arrived at by taking the cash value of each item of property and the proportion which said policies bear to such value item by item.

The parties agreed that if the contention of appellee was sustained as to the construction of the contract, it was entitled to recover the sum of $9,498.44 and interest; but that if the appellant's construction was correct, appellee was entitled to recover $7,850.36, and in this event appellant should recover its costs.

The court below adopted appellee's theory of the contract and awarded it judgment in the sum of $9,498.44 principal and $152.72 interest, and costs.

Appellant filed a motion for a new trial on the grounds that the decision was not sustained by the evidence, was contrary to law and error in the amount of recovery, in that it was too large. This motion was overruled and this ruling is assigned as error.

Appellee would charge appellant with having $10,000 of insurance on the building and by taking the proportion which this amount bears to ninety per cent. of the value of the building would find the amount of loss on the building with which appellant was chargeable. To arrive at the amount due on account of loss to the contents, appellee would reduce appellant's policies by the amount which it had to pay on the building, and then by the same process fix the liability on that account.

Appellee, to sustain its position, cites cases in which it has been held that where the policy contains a provision limiting liability to its proportionate part of the *total insurance,* and where some of the policies are blanket policies, that is, cover all the property involved, in one item for a lump sum, and other policies are specific, that is, insure one item for a definite amount, that, in order to determine what the total amount of insurance is on any one item, so that the proportion for which each company is liable may be determined under such a coinsurance clause, limiting the liability to a proportionate part of the total insurance, the court will treat the blanket policy as specific.

But where this rule has been adopted, it has been where the question at issue was the application of a coinsurance clause limiting the liability to a proportionate part of *the total insurance,* and this was deemed necessary in order to determine how much insurance

was carried on any item, so that the amount each company should contribute as its proportionate share of the total insurance on each item could be arrived at. To this effect, see, *Schmaelzle* v. *London, etc., Fire Ins. Co.* (1902), 75 Conn. 397, 53 Atl. 863, 60 L. R. A. 536, 96 Am. St. 233; *Grollimund* v. *Germania Fire Ins. Co.* (1911), 82 N. J. Law 618, 83 Atl. 1108, L. R. A. 1915B 509, and note.

In this case the question of the proper construction of the coinsurance part of the provision quoted heretofore is not before us, because the provision 1. referred to contains a clause which in unambiguous terms limits appellant's liability to that proportion of the loss which its policies bear to ninety per cent. of the *value of the property* described in the policies. The property described consists of a certain building and contents. The policy does not insure the property by items, a certain amount on each item, but is blanket in form.

We are aware of the rule under which ambiguous contracts of insurance are construed most strongly against the insurer, in order to make effective 2. the purposes of the insurance, but where the contract is plain and its meaning clear, the court will not change its evident meaning, by rules of construction, and thereby make a new contract for the parties.

This contract expressly states that appellant shall not be liable for any greater proportion of the loss than the amount of the policy bears to ninety per cent. of the value of the property described.

True, it also has a coinsurance clause as follows, "nor for more than the proportion which this policy bears to the total insurance thereon," but this latter clause does not change or modify the effect of the first clause, but is an independent provision.

Appellant cannot be held liable for more than the liability would amount to under either of these provisions.

The part of the contract quoted which provides that, "If this policy be divided into two or more items, the foregoing conditions shall apply to each item separately," does not change the construction for the reason that the policy is not divided into items, but is blanket in form, for a gross sum upon all the property described.

In consideration of a reduced rate the appellee accepted a contract which in unambiguous terms fixes the liability of appellant. If this first clause had been omitted, then its liability would have been greater under the other clause, but appellant is entitled to the benefit of each provision.

Under the facts as shown by the record appellant is only liable for the amount which it has paid into court for the use of appellee, and the judgment should have been for that sum.

Judgment reversed, with instructions to sustain appellant's motion for a new trial, and for other proceedings not inconsistent with this opinion.